FILED

06/06/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0676

DA 16-0676

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 137N

MIKE CHILINSKI,

        Petitioner and Appellant,

  v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Fifth Judicial District,
                    In and For the County of Jefferson, Cause No. DV 2016-24
                    Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Mike Chilinski (Self-Represented), Helena, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
                Attorney General, Helena, Montana

                Steven C. Haddon, Jefferson County Attorney, Boulder, Montana

Submitted on Briefs:  May 10, 2017

Decided:  June 6, 2017

Filed:

                                     Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Mike Chilinski (Chilinski) appeals from the September 14, 2016 order of the Fifth Judicial District Court, Jefferson County, denying his petition for postconviction relief (PCR).  In October 2012, a jury convicted Chilinski of 91 counts of animal cruelty and the District Court sentenced him to the Department of Corrections for 30 years with 25 years suspended.  Chilinski filed an appeal with the Montana Supreme Court and, on August 5, 2014, this Court affirmed his conviction in *State v. Chilinski*, 2014 MT 206, 376 Mont. 122, 330 P.3d 1169.[1]

¶3    On March 8, 2016, Chilinski filed a PCR petition with the District Court, alleging errors including ineffective assistance of counsel (IAC) and error in the prosecution's failure to disclose material evidence.  On September 14, 2016, the court dismissed the petition, finding that his claim was barred under § 46-21-105(2), MCA, and further concluding that his IAC claim substantively failed under the two-part test set forth in

---

[1] In that appeal, Chilinski raised three issues:  1) whether the District Court erred in denying Chilinski's motion to suppress; 2) whether the District Court abused its discretion in limiting evidence to the time period of the charged offenses; and 3) whether the District Court abused its discretion in ordering the forfeiture of all of Chilinski's dogs. *Chilinski*, ¶¶ 3-5.

*Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). Chilinski now appeals the District Court's denial of his PCR petition.

¶4 We review a district court's denial of a PCR petition to determine if the court's findings of fact are clearly erroneous and if its conclusions of law are correct. *McGarvey v. State*, 2014 MT 189, ¶ 14, 375 Mont. 495, 329 P.3d 576. We review de novo a district court's interpretation and application of a statute. *Dick Irvin, Inc. v. State*, 2013 MT 272, ¶ 18, 372 Mont. 58, 310 P.3d 524.

¶5 Section 46-21-105(2)-(3), MCA, provides, in relevant part:

> (2) When a petitioner has been afforded the opportunity for a direct appeal of the petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a proceeding brought under this chapter. Ineffectiveness or incompetence of counsel in proceedings on an original or an amended original petition under this part may not be raised in a second or subsequent petition under this part.

> (3) For purposes of this section, "grounds for relief" includes all legal and factual issues that were or could have been raised in support of the petitioner's claim for relief.

¶6 In this case, Chilinski was afforded the opportunity for a direct appeal and previously raised three alleged errors in this Court, based on the same trial record he relies upon here. The trial record does not provide any new legal or factual issues that could not have been reasonably discovered and raised in the petitioner's direct appeal. As such, we conclude that the District Court did not err in finding that Chilinski's claims for relief are based on asserted error that was evident on the trial record and thus could and should have been raised on direct appeal. Furthermore, while Chilinski asks us in his reply brief to

exercise plain error review in this case, he does not allege any newly discovered, exculpatory evidence to warrant such review.

¶7     As for Chilinski's IAC claims, it is apparent from the District Court's order that the court carefully reviewed and analyzed his claims under the relevant law, and reached legally supported conclusions.  Consequently, the court did not err in denying Chilinski's PCR petition on IAC grounds.  Having reviewed the issues, the District Court's order, and Chilinski's arguments on appeal, we affirm the District Court's denial of his petition.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.  The District Court's interpretation and application of the law was correct.

¶9     Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR

4